**Rene Antonio RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-87-984-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1989.

Rehearing Denied March 3, 1989.

Richard Patterson and Henry L. Burkholder, III, Houston, for appellant.

Deborah Mantooth, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Our opinion of December 1, 1988 is withdrawn and this opinion substituted in its place. This appeal is from a conviction for delivery of a controlled substance. Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1988). Appellant was found guilty and sentenced by a jury to life imprisonment in the Texas Department of Corrections and a $250,000 fine. Three points of error include the trial court's failure to apply the law of parties to the facts of the case, failure to define the term "constructive transfer" for the jury and sufficiency of the evidence. We sustain appellant's first and second points of error and reverse and remand.

On May 2, 1987 two Houston police officers, working undercover, met with Jorje Escamilla at a restaurant and negotiated a future purchase of two kilograms of cocaine. Escamilla was to contact the officers when he located the cocaine. Four months later, Escamilla called the officers and arranged a meeting saying that his Colombian "contacts" were anxious to make the sale.

On September 8, the undercover officers met with Escamilla at the designated parking lot with $52,000 in "flash" money and a raid team in surveillance. A short time later, appellant arrived with Esteban Garcia. When the undercover officers showed him the money, the appellant told them he would return in ten minutes with the cocaine, and left with Garcia. Appellant returned and asked the undercover officers to follow him to another location, explaining that the "Colombian" woman who owned the cocaine was insisting the transaction take place elsewhere. Another car driven by Angel Cedeno, arrived shortly thereafter. Appellant identified the passenger in the car as the woman who owned the cocaine.

Cedeno and the woman got out of the car and discussed the transaction with the undercover officers. When the officers expressed concern over the change in plans, appellant reassured them, stating: "Hey, its okay. It's going to be all right. Okay. Just don't leave yet." After seeing the "flash" money, Cedeno and the woman left the parking lot leaving appellant, Escamilla, Garcia and the two undercover police officers. A few minutes later, Cedeno re-

turned alone and the transaction took place between Cedeno and one of the officers. At that point a signal was given and the raid team moved in. Appellant and Garcia were arrested as they attempted to flee.

■ In his first point of error, appellant asserts that the trial court erred in not applying the law of parties to the facts of the case. The law of parties makes one liable for a crime as a party if he promotes, assists, solicits, encourages, directs, or aids the commission of the offense. Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). In his written instructions to the jury, the trial judge explained the law of parties in the abstract:

A person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Appellant argues that the trial judge should have gone further and applied the law to the specific facts of the case. An application of the law of parties to the facts, as distinguished from an application in the abstract, would have included a separate instruction requiring the jury to find that appellant's particular behavior made him guilty as a party to the crime: "Now if you believe .. that defendant, [Ruiz] .. acting with intent to promote or assist [or solicit, encourage or aid] the commission of the offense [of delivery of a controlled substance] ..." *Daniels v. State*, 754 S.W.2d 214, 222 (Tex.Crim.App.1988).

The court of criminal appeals has said that a defendant is entitled to have the law of parties applied to the facts of his case in the jury instruction if there is evidence he acted as a party and the State advances that theory. *Johnson v. State*, 739 S.W.2d 299 (Tex.Crim.App.1987). Accordingly, the appellant in the present case was entitled to the instruction because evidence shows he assisted and encouraged the sale and

the State advanced that theory in its jury argument:

Did Rene Antonio Ruiz encourage, aid or attempt to aid the commission of this drug transaction for two kilograms for $52,000? Sure he did. He checked out the money for the Colombian female. He made sure the money is right before the boss lady gets on the scene.

■ The State contends that appellant failed to properly object to the charge, preserving nothing for appeal. We disagree. While appellant initially objects to the inclusion of any charge on the law of parties, he also asserts that the trial court's failure to apply the law of parties to the facts would be reversible error. We hold that objection was timely and proper. The State also contends that any error in the instruction on the law of parties was harmless because there is also evidence of appellant's guilt as a principal. In particular, the State asserts that because the statute defines "delivery" as actual or constructive transfer of a controlled substance, appellant could be found guilty as a principal under the theory of constructive transfer, independent of the law of parties. TEX. REV.CIV.STAT.ANN., art. 4476–15, § 1.02(7) (Vernon Supp.1988).

*Johnson* requires an application of the law of parties to the facts regardless of evidence that the defendant could also have been found guilty as a principal. *Id.* at 305. Only when the evidence *clearly supports* guilt as a primary actor is the failure to apply the law of parties to the facts harmless error. *Govan v. State*, 682 S.W. 2d 567, 571 (Tex.Crim.App.1985). The evidence in the present case does not *clearly support* appellant's guilt as a primary actor under the theory of constructive transfer because he never exerted the required amount of control over the substance.[1] Therefore, the trial court erred in not applying the law of parties in the application paragraph of the jury charge. Furthermore, because the evidence best supports appellant's guilt as a party, and the State advanced that theory, we hold this error precipitated at least "some harm" to appel-

1. See discussion under point of error number two.

lant under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g.) irrespective of whether the evidence incidentally supported conviction of appellant as a primary actor. Appellant's first point of error is sustained.

In his second point of error, appellant contends the trial court erred in failing to define "constructive transfer" for the jury. In the charge, the trial judge properly tracked the statute in defining "delivery" as it appears in the Texas Controlled Substances Act. TEX.REV.CIV.STAT.ANN., art. 4476–15, § 1.02(7) (Vernon Supp.1988):

> "delivery" means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

■ The Controlled Substances Act does not define either "actual" or "constructive transfer". When a term is not defined by statute, the judge need not define it if it has such a common and ordinary meaning that the jurors can be fairly presumed to know and apply such meaning. *Phillips v. State,* 597 S.W.2d 929 (Tex.Crim.App.1980). We conclude that the term "actual transfer" is a term with such an ordinary meaning that jurors can be assumed to know and apply that meaning. "Constructive transfer," however, is not such a common term.

■ The court of criminal appeals considered the term "constructive transfer" in *Whaley v. State,* 717 S.W.2d 26 (Tex.Crim. App.1986) and found that it had acquired a particular meaning and should usually be defined for the jury. The *Whaley* court found harmless error in the trial court's refusal to define the term, but only under the specific circumstances of that case:

> The fact the evidence showed appellant delivered the controlled substances and received the money therefrom by virtue of the acts of a third person, combined with the trial court's instructions concerning the law of parties, was adequate to inform the jury of what was meant by constructive transfer. *Whaley,* 717 S.W. 2d at 31.

In the present case there is no evidence that appellant had control of the cocaine and delivered it through a third person. On the other hand, evidence shows that the unidentified woman was in control of the substance and was to receive the money. In addition, as point of error one demonstrates, there was no application of the law of parties to the facts of this case.

Recently, the court of criminal appeals gleaned two rules applicable to the term "constructive transfer":

1. Prior to an alleged delivery, the transferor must have either direct or indirect control of the substance transferred.

2. The transferor must know of the existence of the transferee.

*Daniels v. State,* 754 S.W.2d 214 (Tex. Crim.App.1988).

From these rules it appears that constructive transfer is made up of two elements: control of the substance and knowledge of the transferee. We do not believe that the jurors in this case could be fairly presumed to know of these elements and apply them.

Considering the factual distinctions between *Whaley* and the present case, as well as the rules that apply to the term "constructive transfer," we hold that it was error for the trial court not to define the term for the jury. Further, we hold that the error constituted at least "some harm" to appellant. *Almanza v. State,* 686 S.W. 2d 157 (Tex.Crim.App.1985) (op. on reh'g.) Appellant's second point of error is sustained.

■ In his final point of error, appellant asserts there is insufficient evidence to support his conviction for delivery of a controlled substance. When reviewing sufficiency of the evidence to support a conviction, this court will view the evidence in the light most favorable to the verdict. *Penagraph v. State,* 623 S.W.2d 341 (Tex.Crim. App.1981).

In our review of the record, we conclude that appellant arrived on the scene of the drug transaction representing the owner of the cocaine. After viewing the "flash" money, it was the appellant who left and promised to return with the cocaine. When the owner of the cocaine wanted the trans-

action to take place elsewhere, appellant communicated that wish to the undercover officers. Finally, when the undercover officers expressed concern over the change in plans, it was the appellant who encouraged them to stay and consummate the deal.

We conclude the evidence was sufficient to sustain appellant's conviction. Appellant's third point of error is overruled.

The trial court's judgment is reversed and the case is remanded to the trial court.