NO. 07-08-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 5, 2008
_____

OLIVER ALEXANDER CALLENDER III,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,375-C; HON. ANA ESTEVEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Oliver Alexander Callender III was convicted of burglarizing a habitation. He challenges that conviction by contending the trial court should have instructed the jury on the law of parties. We disagree and affirm the judgment.

A defendant is criminally responsible, as a party, for an offense committed by another if, with the intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. TEX.

PENAL CODE ANN. §7.02(a)(2)(Vernon 2003); *Shelton v. State,* 41 S.W.3d 208, 212 (Tex. App.–Austin 2001, pet. ref'd). The law of parties may be applied to the facts of a case even though there is no such allegation in the indictment. *Marable v. State,* 85 S.W.3d 287 (Tex. Crim. App. 2002). Further, a defendant is entitled to have the law of parties included in the jury instructions when there is evidence that the defendant acted as a party and the State advances that theory. *Ruiz v. State,* 766 S.W.2d 324, 326 (Tex. App.–Houston [14th Dist.] 1987, no pet.). Finally, if the evidence shows that two or more individuals actively participated in the offense, the trial court undertakes a two-pronged analysis to determine whether a parties charge is appropriate. It initially removes from consideration the acts and conduct of the non-defendant actors and then assesses whether the evidence of the defendant's own conduct alone would be sufficient to sustain a conviction. *McCuin v. State*, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974). If the answer to the latter prong is yes, then a parties charge is not required. *Id.*

Here, the evidence shows that Jimmy Henry, his wife Sharon, and daughter Ashland left the house by 7 a.m. on September 12, 2007. When they returned home for lunch, they discovered 1) the deadbolt on the front door had been engaged although it had not been when they left, 2) the back gate was open, 3) the back door had been forced open and the door leading to the garage was open, 4) a weed eater and tools were moved into the living room, 5) computers, monitors, a television, and a DVD player had been unplugged and placed in such a way as to suggest that the intruder was planning to take them, 6) each of the three bedrooms had been ransacked, and 7) numerous items of personalty were missing from the home. Though none of the family members knew appellant, his

2

fingerprints were found on the bottom of the DVD player and on a cell phone box from which the cell phone had been removed. The DVD player had been purchased eight months earlier in a packaged box.

Absent from the record is any direct evidence of others being in the house besides appellant. Nonetheless, appellant argues that the presence of other associates could be inferred from the general upheaval encountered in the house and the magnitude of items moved or taken. If we were to ignore those indicia allegedly suggesting that others were present, we would still find appellant's fingerprints on various items of displaced property within the home. That would be enough to warrant his conviction for burglary when coupled with the evidence that no one in the family knew him; those circumstances place him in the home gathering personalty without the owner's knowledge or permission. Consequently, the conduct of others was not needed to establish his guilt, which, according to *McCuin*, means that the trial court was not obligated to instruct the jury on the law of parties.

Accordingly, we overrule appellant's issue and affirm the judgment.

Per Curiam

Do not publish.

3