Reversed and Remanded; Majority and Dissenting Opinions of February 15,
2011, Withdrawn and Substitute Majority and Dissenting Opinions filed May 5,
2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00704-CR

___________________

 

Anibal Vasquez, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 268th District Court

Fort Bend County,
Texas



Trial Court Cause No. 50647

 



 

 

SUBSTITUTE DISSENTING OPINION

A jury found appellant, Anibal Vasquez, guilty of
aggravated robbery and assessed nineteen years’ confinement in the Texas
Department of Criminal Justice, Institutional Division as punishment.  See
Tex. Penal Code Ann. § 29.03(a)(2) (West 2010).  Appellant challenged the
factual sufficiency of his conviction and the propriety of the jury charge
regarding the law of parties.  The majority affirmed the sufficiency of the
conviction, but reversed on the basis of the jury charge.  I agree with the
majority position on the sufficiency challenge, but dissent today because I
believe that the appellant did not properly object to the jury charge, thus
waiving the issue on appeal.

I.                 
Did
the Trial Court Commit Error in Creation of the Jury Charge?

 

Appellant contends the trial court erred because it
did not properly instruct the jury on the law of parties in the factual
application paragraph of the jury charge.

A.     Standard of Review

Jury charge error is reviewed under a two step process.  See Arline v.
State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).  First this court must
decide if there is error in the charge.  Id.  If there is error, we must
then decide if there is sufficient harm to the defendant to justify a reversal
of the conviction.  Id.

Error in jury instructions occurs if the trial judge fails to create a
“written charge distinctly setting forth the law applicable to the case.”  Tex.
Code Crim. P. art. 36.05 (West 2010).  In cases when an instruction on the law
of parties is warranted, the trial judge must instruct the jury on the law of
parties in the abstract portion of the charge.  Campbell v. State, 910
S.W.2d 475, 477 (Tex. Crim. App. 1995).  In addition, the trial judge must also
apply the law of parties in the application paragraph.  Id.  In the
absence of a defendant’s objection, instructions are sufficient if they
instruct the jury on the law of parties in the abstract paragraph and then
incorporate those instructions by reference in the application paragraph by
stating the jury can convict if the defendant acted “alone or as a party.”[1]  Id.  “If a defendant desires a more explicit
application of a particular method of acting as a party, it is his burden to
request such or object to the charge.”  Chatman v. State, 846 S.W.2d
329, 332 (Tex. Crim. App. 1993).  

B.      Did the Jury Charge Contain Errors?

Appellant’s only claim is that the trial judge erred because the charge
did not apply the law of parties directly to the facts in the application
portion of the jury charge.  (AB 20)  Consequently, we must now consider the
jury charge.  The abstract paragraph described the law of parties.  (CR 20) 
The application paragraph followed immediately after the abstract paragraph. 
It reads:

Now bearing in mind the foregoing instructions, if you find
from the evidence beyond a reasonable doubt, that on or about November 14th,
2008, in Fort Bend County, Texas, the defendant, Anibal Vasquez, acting
alone or as a party (as herein defined), while in the course of committing
theft of property owned by Jenny Funez-Guevara, and with the intent to obtain
or maintain control of the property, intentionally or knowingly threatened or
placed Jenny Funez-Guevara in fear of imminent bodily injury or death, and the
defendant did then and there use or exhibit a deadly weapon, to wit: a firearm,
then you will find the defendant “Guilty” of the charge of Aggravated Robbery
as alleged in the indictment. (CR 20) (emphasis added)

This language falls within
the definition of the “alone or as a party” language approved by the Texas Court
of Criminal Appeals.  Marvis v. State, 36 S.W.3d 878, 880 (Tex. Crim.
App. 2001); Campbell, 910 S.W.2d at 477. 
Thus, the jury charge is sufficient unless there is an adequate objection to
it.  If there is an adequate objection, we must then consider whether the error
created “some harm” to the defendant.  Almanza v. State, 686 S.W.2d 157,
172 (Tex. Crim. App. 1985).  

C.     Did Appellant Properly Object to the Jury Charge?

An objection to a jury charge must either be in writing or on the court’s
record.  Tex. Code Crim. P. art. 36.14 (West 2010). The objection should
distinctly specify each ground of objection.  Id.  

Appellant did not submit a written objection or proposed instruction to
be included in the jury charge.  (RR4, 70)  Thus, we must decide if the oral objection
on the record is sufficient.  Appellant’s counsel stated,

I believe — Paragraph Four, I believe the correct
application is, first of all, they just have as defined.  I believe the proper
one is either the defendant while in the course of committing theft of
property, and then or that Alexis Martinez did intentionally and knowingly
while in the course of committing theft of property, and that the defendant participating
with the intent to promote, assist, acting — whatever that language is in there
— did aid, assist, etcetera . . . I’ve always seen them where the defendant
intentionally and knowingly and the defendant did act — (RR4, 70)

The trial court overruled this objection without
stating a reason and requested a written submission, which the appellant did
not present.  (RR4, 71)  The majority contends appellant’s oral statement is
sufficient to create an objection requiring an instruction applying the law of
parties in the application paragraph.  The majority states that appellant
“noted that the application paragraph referred to the general statement of the
law of parties in the abstract portion of the jury charge” and requested a law
of parties instruction in the application paragraph.  The majority claims to
understand the appellant’s request, but I cannot see how without making many
assumptions.  There is no reference to the law of parties, nor is there a clear
statement of what the appellant requested.  Appellant is required to provide a
“clear objection or request,” and failed to do so.  Tex. Code Crim. P. art.
36.14 (West 2010).  For that reason, I conclude that appellant did not make a
request for a jury instruction on the law of parties in the application
paragraph.[2]

The majority relies on three cases in making their
argument.  I think this reliance is in error.  In two of these cases, the trial
court did not give any instruction on the law of parties at all, and for that
reason the jury instructions were overturned.  Johnson v. State, 739
S.W.2d 299, 300 (Tex. Crim. App. 1987); Ruiz v. State, 766 S.W.2d 324,
326 (Tex. App.—Houston [14th Dist.] 1989, no pet.).  In the third case, the
defendant made a far more explicit objection regarding the law of parties and
application to the facts, which was overruled by the trial court.[3]  Black v.
State, 723 S.W.3d 674, 674-75 (Tex. Crim. App. 1986).  These cases are
qualitatively different from the instant case — two received no jury charge on
the law of parties, which is not the case here, and the third specifically
requested an application of law of parties to the specific facts of the case.  

Even more importantly, this court is bound by its own
precedent.  This court addressed a similar situation in Villareal v. State,
116 S.W.3d 74 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  In that case,
Villareal argued that the trial court had failed to apply the law of parties to
the facts in the jury instructions, stating “I’m asking that the application
paragraph, as far as my client is concerned, be more specific to the facts that
have been alleged-or evidence that has been presented as it relates to the
indictment.”[4]
Id. at 82.  Villareal’s objection was not precise, but did manage to
state that Villareal wanted the charge to “be more specific to the facts that
have been alleged.”  Id. at 82.   This court found there was not a clear
objection or request, and thus the issue was not preserved at trial.  Id.;
Tex. R. App. P. 33.1(a).  Despite the majority’s attempts to distinguish this
case, it remains on point to appellant’s issue; we are bound by our precedent
to follow Villareal.

I believe Villareal’s articulation was more
clear and distinctly specified than appellant’s statement.  In Villareal, there
was an indication the appellant was requesting a law of parties instruction.  Villareal,
116 S.W.3d at 83.  In this case, the appellant never mentioned the law of
parties, nor did he articulate any clear statement of what changes he requested. 
Tex. Code Crim. P. art. 36.14.  I further note that the majority’s decision is
at odds with our legislative mandate.  The legislature has informed us that it is
the parties’ burden to state grounds to the trial court “with sufficient
specificity to make the trial court aware of the complaint” or waive the issue
on appeal.  Tex. R. App. P. 33.1(a)(1)(A).  It appears from this decision that
as long as some objection to a jury charge is made, regardless of how unclear
or imprecisely made to the trial court, we intend to entertain the issue on the
merits.  See id. 

Therefore, I would rule that the error is not
preserved and thus the issue is waived on appeal.  Tex. R. App. P. 33.1(a), Campbell,
910 S.W.2d at 477.  

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Frost, and Seymore. (Frost, J., majority).

Publish
— Tex. R. App. P. 47.2(b).









[1] “A perfect charge is not necessary . . . as long as
the charge adequately applies the law of parties to the facts.”  Ramirez v.
State, No. 14-02-00321-CR, 2003 WL 548600, at *2 (Tex. App.—Houston [14th
Dist.] Feb. 27, 2003, no pet.) (mem. op. not designated for publication).  

 





[2] I note the majority’s
discussion of the evolution of the rules regarding law of parties.  I believe
appellant failed to make a request for a more specific instruction on the law
of parties.  Consequently, I express no opinion on the majority’s
interpretation of case law.





[3] The defendant in that
case specifically stated “The defendant objects in that the Court’s charge
fails to apply the law to the specific facts as the definitions pertaining to
‘knowing possession,’ the definition of ‘possession’ itself, as to the circumstantial
evidence definition, as to the law of parties, and as to the ‘mere presence’
law.”  Black, 723 S.W.3d at 674-75.  





[4] Villareal’s counsel
stated, “On the charge on the parties, we would ask that it be more
specifically affixed to the facts; and we would object to it as it is stated in
the — . . . What I’m saying, Your Honor, is simply that the charge that I got
today is the first time that the charge had law of parties on it . . . I’m
merely objecting to the Court’s charge as it is stated.  And I’m asking that
the application paragraph, as far as my client is concerned, be more specific
to the facts that have been alleged-or evidence that has been presented as it
relates to the indictment . . . We’re going to object to the-to the name of
Officer Fernando Salvadar being part of the charge as far as parties is
concerned . . . [because he was] [n]ot charged or indicted.”  Villareal
at 82-83.