Reversed and Remanded; Majority and Dissenting Opinions of February 15,
2011, Withdrawn and Substitute Majority and Dissenting Opinions filed May 5,
2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00704-CR

___________________

 

Anibal Vasquez, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 268th District Court

Fort Bend County,
Texas



Trial Court Cause No. 50647

 



 

 

SUBSTITUTE MAJORITY OPINION

Appellant Anibal Vasquez appeals his conviction for
aggravated robbery, challenging the sufficiency of the evidence supporting his
conviction and asserting jury charge error.  Finding the trial court reversibly
erred in overruling appellant’s objection to the application paragraph in the
jury charge for the guilt/innocence phase, we reverse and remand.

Factual And Procedural Background

Appellant, a construction worker, and two of his
roommates, Alexis Martinez and Edwin Maldonado, drove to the Cinco Ranch area
of Fort Bend County, where new homes were under construction.  There, they
encountered the complainant, Jenny Funez-Guevara, who operated a mobile taco
business.  Martinez and Maldonado exited their vehicle, a maroon Suburban, and
flagged down the taco truck.  The complainant got out of the taco truck to
serve the men while her employee remained inside.  Martinez and Maldonado
brandished firearms at the complainant and her employee, and ordered the complainant
to get into the taco truck.  The complainant, Martinez, and Maldonado all entered
the truck.  Martinez and Maldonado took the woman’s cash and jewelry and then forced
the complainant to drive away with all of them still inside.  Martinez later
took over driving because the complainant was too distraught to operate the
truck.  

After a few minutes, Martinez stopped the taco truck. 
He and Maldonado exited the truck, telling the complainant to drive away and
not to look back.  The two men then entered the Suburban; appellant was behind
the wheel.  The complainant looked through the taco truck’s rear-view mirror,
saw appellant, and wrote down the license-plate number of the Suburban.  She
then left the scene and contacted law-enforcement officers. 

Appellant testified at trial that after Martinez and
Maldonado got out of the Suburban, he left and drove to a construction site to
ask for work.  According to appellant, he took the Suburban with him, leaving
Martinez and Maldonado behind, and while he was looking for work nearby he saw
Martinez with a woman at the taco truck.  Appellant stated that when he
returned to the taco truck’s location, the truck was leaving, and appellant
thought that Martinez and Maldonado were inside the truck.  Appellant testified
that he did not think it strange that Martinez and Maldonado would be inside
the truck and that appellant followed the truck for about five minutes until
the truck stopped and the men rejoined him in the Suburban.  No other witnesses
offered testimony about appellant’s whereabouts during the time the other two
men were in the taco truck.

Police officers later found the three men in the
Suburban and pulled it over.  Martinez jumped out of the vehicle when it
stopped, throwing a gun as he ran.  Maldonado and appellant remained in the vehicle
and were apprehended without incident.  Law-enforcement officers apprehended
Martinez after a foot chase.  Approximately $500 and another firearm were
recovered from the center console of the Suburban.  The complainant identified
all three men in a field lineup.  

Appellant was transported to a police station, where
Detective Mark Williams interviewed him in Spanish because appellant speaks
little English.  Appellant waived his Miranda rights[1] and eventually
gave a confession, which was recorded.  Detective Williams then typed the written
confession in English, had a jailer read the confession to appellant in
Spanish, and then read it to appellant in Spanish himself.  Appellant signed
and initialed the written confession.  

A jury found appellant guilty of aggravated robbery
and assessed punishment at nineteen years’ confinement.  Appellant raises two
issues in this appeal. 

Sufficiency of the Evidence

In his first issue, appellant asserts the evidence is
factually insufficient to support his conviction; he claims the evidence is so
weak as to make the conviction manifestly unjust.  He argues the evidence is
weak because: (1) the complainant never saw appellant in the proximity of the
other parties to the crime before or during the armed robbery; (2) after the
other parties left the taco truck, their guns were not visible; (3) appellant
did not lead officers on a high-speed chase and stopped the Suburban when a
police officer activated his emergency lights; and (4) the confession appellant
signed is not valid because he did not understand its contents.

Standard of Review

Appellant
raises a factual-sufficiency challenge.  A majority of the judges of the Court
of Criminal Appeals have determined that “the Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010)
(plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran,
JJ.); id., 323 S.W.3d at 912–13 (Cochran, J., concurring, joined
by Womack, J.) (same conclusion as plurality).[2] 
Therefore, in analyzing appellant’s challenge to the factual sufficiency of the
evidence, we will apply the Jackson v. Virginia standard of
review.  

Under this standard of review, we view the evidence
in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a
court, believe the State’s evidence or believe that appellant’s evidence outweighs
the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim.
App. 1984).  The verdict may not be overturned unless it is irrational or
unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact “is the sole judge
of the credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The trier of fact may
choose to believe or disbelieve any portion of the witnesses’ testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

Appellant’s
Presence at the End of the Armed Robbery and Lack of Visibility of the Weapons
when Martinez and Maldonado Exited the Taco Truck

 

We
measure the sufficiency of the evidence by the elements of
the offense as defined by a hypothetically correct jury charge.  See Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  A person commits the offense of aggravated
robbery if, in the course of committing theft and with intent to obtain or
maintain control of the property, he uses or exhibits a deadly weapon and
either intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  See Tex.
Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (West 2003).  Under the law of
parties, a person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.  See Tex. Pen. Code Ann. § 7.02(a)(2) (West 2003).  In reviewing
the evidence regarding appellant’s culpability under the law of parties, this
court may look to events occurring before, during, and after the commission of
the offense, and may rely upon actions of the defendant which show an
understanding and common design to do the prohibited act.  Ransom v. State,
920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  Party status may be proved by
circumstantial evidence.  Id.  

The complainant
testified that she did not see appellant before or during the armed robbery and
believed only two men were involved until the robbers entered the Suburban. 
After the robbery was complete, the complainant saw appellant waiting outside
the Suburban and driving the Suburban away from the scene.  She testified that
Martinez’s and Maldonado’s weapons were not visible when they left the taco
truck.  Trooper Glen Welters, the law-enforcement officer that searched the
Suburban, testified that after arresting Maldonado and appellant, he found $510
and a gun in the center console of the Suburban, next to the driver’s seat.  

Appellant testified that
he followed the taco truck for about five minutes.  He drove the robbers away
from the scene of the crime.  The proceeds of the robbery and one of the
weapons used in the robbery were stowed within inches of his person.  And
appellant later confessed, both on video and in writing, to Detective Williams.


Mere presence at the scene
of the offense does not establish guilt as a party to the offense.  Porter
v. State, 634 S.W.2d 846, 849 (Tex. Crim. App. 1982).  Presence at the
scene, however, is a circumstance tending to prove guilt which, when combined
with other facts, may suffice to show that the accused was a participant.  Valdez
v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979).  The evidence presented was not merely that appellant
was present at the scene and gave a ride to his friends.  Appellant himself
said he followed the complainant’s taco truck, and appellant later confessed to
the crime.  Money and a gun were found in his immediate vicinity shortly after
the robbery.  

The jury is the sole judge of witness credibility and the weight of the
evidence.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  When the record contains conflicting evidence, this court presumes the
trier of fact resolved any such conflict in favor of the prevailing party.  Id. 
We conclude that a rational trier of fact could have found beyond a
reasonable doubt that Martinez and
Maldonado committed aggravated robbery and that appellant,
acting with intent to promote or assist the commission of aggravated
robbery, solicited, encouraged, directed, aided, or attempted to aid Martinez
and Maldonado to commit aggravated robbery.

Lack of a
High-Speed Chase

 

To support his insufficiency argument appellant
points to evidence showing that he did not lead law enforcement officers on a
high-speed chase or attempt to flee, and that he stopped when a police officer activated
his emergency lights.  Nevertheless, failing to flee does not indicate either
guilt or innocence in a completed robbery because the appellant could have
chosen to stop for any number of reasons.  Appellant testified he stopped
because he “had not done anything.”  But the jury is the judge of witness
credibility and could have accepted or rejected appellant’s testimony.  See
id.  

Appellant’s
Claim That He Did Not Understand His Confession

Detective Williams testified that he speaks Spanish
proficiently because he learned Spanish before he learned English, but he is
not comfortable writing the Spanish language.  Appellant and Detective Williams
conversed in Spanish at the jail after appellant was apprehended.  This
interview was videotaped, and the video recording was admitted into evidence. 
Appellant testified he had no trouble understanding what Detective Williams
said.  

Detective Williams testified that, after appellant
confessed, he prepared a brief statement in English for appellant to sign.  After
giving the statement to a jail employee for her to translate orally, Detective
Williams left the room.  He then returned to the room, read the statement to
appellant in Spanish, and asked for appellant’s signature.  Appellant signed
the statement.  

Appellant now asserts he did not understand his
written confession.  At trial, he stated that he did not hear key facts
contained in the statement.  He further argued that the jail employee did a poor
job of translating.  

The recording of Detective Williams and appellant
discussing the charged offense was admitted into evidence and, at trial,
appellant could have requested that the jury hear a translation of the video. 
Furthermore, appellant never referred to the video either as impeachment or
direct evidence of his claim that he did not understand.  The jury was left to
determine the credibility of the witnesses and the weight of the signed
confession.  See id.  Based upon the evidence provided, a reasonable
jury could have found appellant understood his confession when he signed it.  

For the above reasons, we conclude the evidence is
sufficient to support appellant’s conviction for aggravated robbery and we
overrule appellant’s first issue.

Jury-Charge Error

In his second issue, appellant contends the trial
court erred because it did not properly instruct the jury on the law of parties
in the application portion of the jury charge.  Appellant asserts that the
trial court erred because it failed to apply the law of parties to the facts of
the case in the application portion of the jury charge.  

In the abstract portion of the jury charge, the trial
court generally described the law of parties under section 7.02(a)(2) of the Texas
Penal Code.  See Tex. Penal Code
Ann. § 7.02(a)(2) (West 2003).  In the application portion of the jury
charge (paragraph IV) that immediately followed the abstract portion of the
charge, the trial court instructed the jury as follows:

Now bearing in mind the foregoing
instructions, if you find from the evidence beyond a reasonable doubt, that on
or about November 14th, 2008, in Fort Bend County, Texas, the defendant, Anibel
[sic] Vasquez, acting alone or as a party (as herein defined), while in
the course of committing theft of property owned by Jenny Funez-Guevara, and
with the intent to obtain or maintain control of the property, intentionally or
knowingly threatened or placed Jenny Funez-Guevara in fear of imminent bodily
injury or death, and the defendant did then and there use or exhibit a deadly
weapon, to wit: a firearm, then you will find the defendant “Guilty” of the
charge of Aggravated Robbery as alleged in the indictment. 

            Unless you so find beyond a reasonable doubt,
or if you have a reasonable doubt thereof, you will acquit the defendant and
say by your verdict “Not Guilty.” 

(emphasis added).  This jury
charge is substantially similar to the jury charge in Johnson v. State,
in which (1) the trial court generally instructed the jury regarding the law of
parties in the abstract portion; (2) the trial court instructed the jury in the
application portion to find appellant guilty if the jury found beyond a
reasonable doubt that appellant committed the offense “either acting alone or
with another or others as a party, as that term has heretofore been defined”;
and (3) the trial court failed to apply the law of parties to the facts of the
case in the application portion.  See 739 S.W.2d 299, 305 (Tex. Crim.
App. 1987); id. at 309 (Onion, P.J., dissenting).  In Johnson,
the trial court overruled the defendant’s objection to the trial court’s
failure to apply the law of parties to the facts of the case in the jury
charge.  See Johnson, 739 S.W.2d at 300.  The Johnson court
analyzed this issue under Almanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1985).  See id. at 305 (conducting an Almanza analysis and
citing Arline v. State, 721 S.W.2d 348 (Tex. Crim. App. 1986)).  The Johnson
court held that (1) this failure to apply the law of parties to the facts of
the case was error in the charge and (2) this error caused Johnson “some harm”
under Almanza because, even if there were some evidence of Johnson’s
guilt as a principal, the prosecution theory best supported by the evidence and
most fervently advanced by the State during closing argument was Johnson’s
guilt as a party.  See id.  

            In Chatman v.
State, the Court of Criminal Appeals did not conduct an Almanza
analysis of alleged charge error; rather, the court determined whether the
evidence was legally sufficient to support the conviction using the Benson/Boozer
rule, which was later overruled by Malik v. State.  See Chatman
v. State, 846 S.W.2d 329, 330–32 (Tex. Crim. App. 1993) (determining legal
sufficiency of the evidence using rule from Benson v. State, 661 S.W.2d
708 (Tex. Crim. App. 1982) (opinion on State’s second motion for reh’g), overruled
by Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) and Boozer
v. State, 717 S.W.2d 608 (Tex. Crim. App. 1984), overruled by Malik,
953 S.W.2d at 239).  In doing so, the Chatman court stated that an
application paragraph substantially similar to the one in the case under review
did not constitute fundamental error.  See Chatman, 846 S.W.2d at 332. 
The Chatman court cited the opinion in Johnson with approval.  See
id.

Two years after it issued its opinion in Chatman,
the Court of Criminal Appeals held in Campbell v. State, that the trial
court erred by overruling appellant’s objection that the trial court failed to
apply the law of conspiracy to the facts of the case in the jury charge.  See
910 S.W.2d 475, 477 (Tex. Crim. App. 1995).  The Campbell court
cited Johnson with approval and indicated that Johnson stood for
the proposition that “it is error for a trial judge to refer to the law of
parties in the abstract portion of the jury charge and not to apply that law .
. . in the application paragraph of the jury charge.”  See id.  In the
application portion of the jury charge in Campbell, the trial court applied
the law of parties under section 7.02(a)(2) of the Penal Code to the facts of
the case.  See id.

            The following
year, in Ransom v. State, the Court of Criminal Appeals held that any
error in the submission of the law of parties in the charge’s application
paragraph did not cause egregious harm under Almanza.  See 920 S.W.2d
288, 303 (Tex. Crim. App. 1994).  In so holding, the Ransom court cited
the Chatman court’s conclusion that there was no fundamental error in
the charge in Chatman.  See id. at 302–03.  The Ransom
court cited Johnson as good law but distinguished Johnson because
the defendant in Johnson objected to the charge but the defendant in Ransom
did not object.  See id.  The Ransom court indicated that charge
error like that in Johnson is reversible error if the defendant objects
but that such error does not cause egregious harm if there is no objection.  See
id.           

In Marvis v. State, the trial court instructed
the jury on the law of parties in the abstract portion of the charge and then,
in the application portion, stated that the jury could convict if it found
beyond a reasonable doubt that appellant “either acting alone or together with
[another person]” committed the offense. See 36 S.W.2d 878, 879 (Tex.
Crim. App. 2001).  The Marvis court concluded that this part of the
application portion referred the jury back to the discussion of the law of
parties in the abstract portion of the charge.  See id. at 880.  In Marvis,
there was no objection to the application portion of the charge.  See id.
at 879.  The Marvis court concluded that there was error in the
application portion of the charge but that this error did not cause egregious
harm under Almanza.  See id. at 879–80.  Though the Marvis
court did not cite Johnson, the Marvis court did not say anything
contrary to the analysis in Johnson.  See id.  

In sum, Johnson is still good law, and under Johnson,
a trial court errs if it refers the jury back to the abstract portion of the
charge and does not apply the law of parties to the facts of the case in the
application portion of the charge.[3]
See Johnson v. State, 739 S.W.2d 299, 303–05.  Therefore, in the case
under review, the trial court erred by failing to apply the law of parties to
the facts of the case in the application portion of the charge.  See id.;
Ruiz v. State, 766 S.W.2d 324, 326–27 (Tex. App.—Houston [14th Dist.]
1989, no pet.).  To determine the appropriate harm analysis for this error, we
must decide whether appellant preserved error in the trial court.  See Hutch
v. State, 922 S.W.2d 166, 170–71 (Tex. Crim. App. 1996).      

Preservation of Error

In pertinent part, the following colloquy occurred
during the charge conference:

[Counsel for Appellant]:     I have an objection and a
change I would request in the application paragraph.

. . .

[Counsel for the State]:       What is your proposal and
objection?

[Counsel for
Appellant]:     I believe — Paragraph Four, I believe the correct application
is, first of all, they just have as defined.  I believe the proper one is
either the defendant while in the course of committing theft of property, and
then or that Alexis Martinez did intentionally and knowingly while in the
course of committing theft of property, and that the defendant participating
with the intent to promote, assist, acting — whatever that language is in there
— did aid, assist, etcetera.

[Counsel for
the State]:       That language is indirectly in there because it says as a
party, and that is in Paragraph Three where it talks about all the definitions
about how someone acts as a party.

[Counsel for
Appellant]:     I’ve always seen them where the defendant intentionally and
knowingly and the defendant did act — 

[Counsel for the State]:       The way you’re doing it is
more likely to narrow it down and potentially be more incorrect.

[Trial court]:                         Objection
overruled.  Your suggestion is denied. Do you have your suggested change in
written form? 

[Counsel for
Appellant]:     No. 702, we would ask that.

[Trial court]:                         Have
you written it out?

[Counsel for
Appellant]:     No, I didn’t write it out.

            At the time appellant objected, the abstract
portion of the charge already contained a general description of the law of
parties under Texas Penal Code section 7.02(a)(2).  The law of parties arises
often in criminal prosecutions and is not an esoteric or unknown proposition in
criminal law circles.  See Clarke v. State, 270 S.W.3d 573, 579 (Tex.
Crim. App. 2008).  In making his objection, appellant’s counsel identified the
application portion of the charge.  Appellant’s counsel noted that the
application paragraph referred to the general statement of the law of parties
in the abstract portion of the jury charge.  Appellant’s counsel referred to Texas
Penal Code section 7.02 and requested that the trial court apply the language
of section 7.02(a)(2) in the application portion.  See Tex. Penal Code Ann. § 7.02(a)(2) (stating that a person is criminally responsible for an
offense committed by the conduct of another if “acting with intent to promote or assist the commission of
the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense”).  Appellant sufficiently communicated to the trial court an objection that
the law requires the trial court to apply the law of parties to the facts of
the case in the application portion of the charge and that the trial court had
not done so.  Though appellant’s objection
could have been more specific, appellant’s objection was made “with sufficient specificity to make the
trial court aware of the complaint,” and appellant’s specific grounds “were
apparent from the context.” See Tex.
R. App. P. 33.1(a); Clarke, 270 S.W.3d at 579.  

The State asserted that the mere reference to the
abstract portion was sufficient, suggesting that the trial court did not need
to apply the law of parties to the facts of the case in the application portion.
 The trial court overruled appellant’s objection and declined to act on his
suggestion that the trial court apply the law of parties to the facts of the case
in the application portion.[4] 
Under applicable precedent, appellant preserved error.  See Johnson, 739
S.W.2d at 300, 303–05 (holding that appellant preserved error regarding
complaint that trial court failed to apply law of parties to facts of case in
application paragraph, in case in which appellant objected that the jury charge
failed “‘to allege the specific acts that the State is relying on to make him a
party.  It does not say depending on solicitation, encouragement, direction,
aid or attempt to aid one Mr. Clifford in the commission of this offense’”); Black
v. State, 723 S.W.2d 674, 674–75 (Tex. Crim. App. 1986) (holding that
appellant preserved error regarding complaint that trial court failed to apply
law of parties to facts of case in application paragraph, in case in which
appellant objected that the jury charge “fails to apply the law to the specific
facts as the definitions pertain to . . . the law of parties”); Ruiz,
766 S.W.2d at 326–27 (holding that appellant preserved error regarding
complaint that trial court failed to apply law of parties to facts of case in
application paragraph, in case in which appellant asserted “that the trial
court’s failure to apply the law of parties to the facts would be reversible
error”).[5]

Analysis

Because appellant objected to the charge error in question,
the “some harm” analysis applies.  See Hutch, 922 S.W.2d at 170–71; Johnson,
739 S.W.2d at 303–05; Ruiz, 766 S.W.2d at 326–27.  There was evidence at trial that
appellant was guilty of aggravated robbery under the law of parties.  As the
State concedes in its appellate brief, there was no evidence at trial that
appellant was guilty of this offense as a principal, and the State’s theory, as
argued in closing, was that appellant was guilty as a party because he was the
driver of the getaway vehicle.[6] Under these circumstances, the trial court reversibly
erred by overruling appellant’s objection to the trial court’s failure to apply
the law of parties to the facts of the case in the application portion of the
charge.[7]  See Johnson, 739 S.W.2d at
303–05; Ruiz, 766 S.W.2d at 326–27.[8]  Appellant’s second issue is
sustained.   

Accordingly, the trial
court’s judgment is reversed and this case is remanded for a new trial.  

                        

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices
Anderson, Frost, and Brown.  (Anderson, J., dissenting).

Publish — Tex. R. App. P. 47.2(b).









[1]
See Miranda v. Arizona, 384 U.S. 436 (1966).





[2]
Nonetheless, this does not alter the constitutional authority of the
intermediate courts of appeals to evaluate and rule on questions of fact.  See
Tex. Const. art. V, § 6(a)
(“[T]he decision of [courts of appeals] shall be conclusive on all questions of
fact brought before them on appeal or error”).

 

 





[3]
The Johnson court noted that a guide to Texas criminal jury charges
recommended the type of charge submitted by the trial court in Johnson;
nonetheless, the Johnson court found the charge to be erroneous. See
Johnson, 739 S.W.2d at 305 & n.4 (disapproving of form of application
paragraph recommended in McClung, Jury Charges
for Texas Criminal Practice 12 (1987 ed.)). 





[4]
Such an objection to the jury charge is sufficient to
preserve alleged error for review; there is no requirement that appellant also
submit a requested instruction.  See Tex.
Code Crim. Proc. Ann. arts. 36.14, 36.15 (West 2010).





[5]
In concluding that appellant failed to preserve
error, our dissenting colleague relies on this court’s opinion in Villareal
v. State.  See 116 S.W.3d 74 (Tex. App.—Houston [14th Dist.] 2001,
no pet.).  But, in that case, after a colloquy in which the trial court
indicated it did not understand what appellant was requesting regarding the
application paragraph in the jury charge, the trial court asked appellant’s
counsel to specify what he was requesting.  See id. at 82–83.  In response, appellant’s counsel stated that
“[w]e’re going to object to the—to the name of Officer Fernando Salvadar being
part of the charge as far as parties is concerned . . . [because he was] [n]ot
charged or indicted.”  Id. at 83.  When asked to tell the court what his
objection was to the application paragraph, the Villareal appellant
stated only that he was objecting to the charge’s reference to Officer
Salvadar.  See id.  Unlike the situation presented in the case under
review, this is not an objection to the trial court’s failure to apply the law
of parties to the facts of the case in the application paragraph of the
charge.  Therefore, the Villareal case is not on point.  The dissent’s
conclusion that appellant failed to preserve error is incorrect.





[6] Even if there had been some evidence of appellant’s
guilt as a principal, it still would be clear that appellant’s guilt as a party
was the prosecution theory best supported by the evidence and the theory most
fervently advanced by the State during closing argument.  This would be
sufficient to place this case within the scope of the line of cases cited
herein.  See Johnson, 739 S.W.2d at 303–05; Ruiz, 766 S.W.2d at
326–27.   





[7]
If appellant had not objected to this error, then this error would not have
been reversible because it would not have resulted in egregious harm to
appellant through the denial of “a fair and impartial trial.”  See Marvis,
36 S.W.3d at 879–80; Ransom, 920 S.W.2d at 302–03.  But, appellant
objected to this error, and courts have held that, under the circumstances presented
in the case under review, this error is reversible under the “some harm”
analysis.  See Johnson, 739 S.W.2d at 303–05; Ruiz, 766 S.W.2d at
326–27.  





[8]
In Nelson v. State, the Seventh Court of Appeals held that similar
charge error was harmless. See 297 S.W.3d 424, 433–34 (Tex.
App.—Amarillo 2009, pet. ref’d).  The Nelson court did not cite or
distinguish Johnson.  See id.  This part of Nelson
conflicts with Johnson, and this court must follow Johnson. Compare
Johnson, 739 S.W.2d at 303–05, with Nelson, 297 S.W.3d at 433–34.