Cherrie Ann PORTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 61226.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 9, 1982.

Rehearing Denied July 14, 1982.

Michael L. Brandes, Austin, for appellant.

Ronald Earle, Dist. Atty., Bill White, Asst. Dist. Atty. and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. V.T.C.A., Penal Code, Sec. 19.-02(a)(3). After finding appellant guilty, the jury assessed punishment at 7 years.

In her fifth ground of error, appellant challenges the sufficiency of the evidence to support her conviction. The court charged the jury on the law of parties and circumstantial evidence.

The indictment under which appellant was convicted alleges in pertinent part that on September 14, 1977, she:

"did then and there intentionally and knowingly attempt to commit and did commit a felony, to-wit: burglary of a habitation and in the course of and in furtherance of and in immediate flight from the said felony did then and there intentionally and knowingly attempt to commit and did commit an act which was clearly dangerous to human life, to-wit: strike Ivan Maxwell Stout on the head with a rifle which said act caused the death of Ivan Maxwell Stout."

Peggy Studer testified that she is a resident of Westlake Hills. On September 14, 1977, about 3:40 p.m., Studer was at her residence when a pickup truck pulled into the driveway. An individual left the pickup truck and asked Studer whether he could mow her lawn. Studer later identified this individual as Kenneth Felder. She related that a woman was in the truck with Felder. Studer told Felder that she did not want him to mow her lawn.

William Turman testified that he lives in Westlake Hills. On the afternoon of September 14, 1977, Turman called the police about 4:00 or 4:30 p.m. He related that he called the police because he heard a disturbance in the neighborhood. The disturbance consisted of a man and woman screaming.

Officer Larry Akin, of the Westlake Hills Police Department, responded to Turman's call. He related that he was unable to find the source of the disturbance.

Cornelia Stout testified that on September 14, 1977, she and her husband, Ivan Stout, were residents of Westlake Hills. Stout related that she arrived home about 3:30 p.m. and observed a pickup truck in the driveway of her home. Stout left her automobile and approached the pickup truck. She saw a woman sitting in the truck and a man standing at the front of the truck. Stout later identified the man as Kenneth Felder and the woman in the truck as appellant.

Stout asked the individuals what they were doing at her home. At this point, appellant began screaming "that she had worked for me [Stout] Goddammit." Appellant then told Stout that her name was Cherrie Smith. Stout looked in the bed of the pickup truck and saw a lamp which belonged to her. She then saw that a glass panel in her kitchen door had been broken. At this point, Stout entered her home in an attempt to use the telephone. Felder followed her into the home and ripped the telephone off the wall. He then began kicking and beating Stout and wrapped the telephone cord around her throat. Felder took Stout's purse and beat her with it. In response to questions from Felder, Stout showed him a .22 caliber rifle which was in the bedroom. She related that the rifle was not loaded. Felder then pushed Stout outside the home into the carport. She related that at this time, appellant was outside of the truck and standing in the driveway.

Stout testified that at this time, she saw her husband drive up to the house and she called out "Honey, they are killers." She related that appellant was standing behind her and she "blacked out." Stout stated that she had lost consciousness several times inside the house while she was being beaten and kicked by Felder. When Stout regained consciousness, the pickup truck was gone. She testified that she did not see anyone attack or injure her husband. Finally, at no point in her testimony, did Stout indicate that appellant came inside the residence.

Herman Haenel testified that he lived next door to the Stouts in Westlake Hills. Haenel went to the Stout's residence about 7:00 p.m. on September 14, and found Cornelia Stout lying in the front yard. He related that she had been beaten about the head and appeared to be in "pretty bad shape." Haenel then found Ivan Stout lying on the ground between the house and the driveway. He related that Stout had been badly beaten and did not appear to be breathing. Deputy John Crowe, of the Travis County Sheriff's Office, investigated the instant offense. He testified that he went to the Stout's residence and took numerous photographs. Those photographs reveal that Ivan Stout had been beaten badly about the head and face. An autopsy report revealed that Stout died as a result of "blunt force trauma to the head."

Arvy Crayton testified that he is the owner of a restaurant in Austin. On September 14, sometime between 1:30 and 2:30 p.m., appellant and Felder entered the restaurant. Crayton related that they were in a pickup truck.

Sammie Blakemore testified that she met Felder and appellant at Crayton's restaurant. She related that Felder offered to give her a ride home from the restaurant.

Blakemore accepted Felder's offer and the three individuals arrived at Blakemore's home about 2:00 p.m.

William Martin testified that he is a mail carrier who delivers Blakemore's mail. He stated that he saw a pickup truck at her home sometime between 1:30 and 2:00 p.m. on September 14.

Beverly Felder testified that she was married, but separated from, Kenneth Felder. About 7:00 p.m. on September 14, she related that Felder came to her home and began beating on the door. She stated that she then heard the door "crash open" and she ran into her bedroom and retrieved a handgun. When Felder entered her bedroom, she shot him in "self-defense." Felder died as a result of the gunshot wounds.

Officer Lloyd Polk, of the Austin Police Department, investigated the shooting of Felder. During the course of his investigation, he found Ivan Stout's wallet in Felder's back pocket. Polk stated that a pickup truck was parked near the scene of the shooting. A .22 caliber rifle with a broken stock was found inside the cab of the pickup truck.

Joe Urbanovsky testified that he is a chemist with the Texas Department of Public Safety. Urbanovsky received various items of evidence in connection with the murder of Stout. He related that he found a hair sample on the butt of the .22 rifle found in Felder's truck. The hair sample from the rifle was compared with a hair sample taken from Ivan Stout. The characteristics of the two samples were found to be "very similar." Deputy Crispin Villarreal, of the Travis County Sheriff's Office, arrested appellant for burglary on September 21. At the time of her arrest, appellant was given her warnings. Following her arrest, appellant was interrogated by Deputy Richard Gruetzner, of the Travis County Sheriff's Office. At that time, appellant gave a statement concerning her whereabouts on September 14. The statement indicates that appellant was present with Felder on the date in question. However, the statement makes no mention of the offense at the Stout's residence.

Appellant presented evidence from Shawn McQuillan, an identification officer with the Travis County Sheriff's Office. McQuillan related that he went to the Stout residence on the night of September 14 in order to "dust for prints." He stated that his efforts were unsuccessful in that he was unable to lift an identifiable latent fingerprint. McQuillan testified that he was looking for fingerprints of the individual or individuals who may have been involved in the burglary and murder of Stout.

Appellant further presented testimony from Officer John Williams, of the Austin Police Department. Williams testified that he is a fingerprint examiner and that he dusted Felder's pickup truck for fingerprints. Williams dusted both the cab area and objects found in the bed of the pickup truck. He stated that he found appellant's fingerprints on the rearview mirror and right-hand vent glass. Appellant's fingerprints were not found on the items in the bed of the pickup truck.

Appellant was indicted for murder under the provisions of Sec. 19.02(a)(3), supra. That statute is the felony murder rule and provides as follows:

"(a) A person commits an offense if he:

" . . .

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

In *Garrett v. State*, 573 S.W.2d 543, it was stated that the felony murder rule dispenses with any inquiry into the mens rea accompanying the homicide itself in that the underlying felony supplies the necessary culpable mental state. The transference of the mental element establishing criminal responsibility for the original act to the resulting act conforms to and preserves the traditional mens rea requirement of criminal law. *Rodriguez v. State*, 548 S.W.2d 26.

In the instant cause, there was direct evidence that Felder committed the offense of burglary of a habitation. This evidence was supplied by Stout's testimony to the effect that Felder followed her into her home, assaulted her and took the .22 caliber rifle. However, the death of Ivan Stout as coming about in the course of, furtherance of or in immediate flight from the commission of the burglary of a habitation was proven through circumstantial evidence.

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Bonds v. State*, 573 S.W.2d 528. Thus, proof which amounts only to a strong suspicion or mere probability is insufficient. *Stogsdill v. State*, 552 S.W.2d 481. However, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Nathan v. State*, 611 S.W.2d 69. Finally, the rules of circumstantial evidence do not require that circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis intended is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by another must not be out of harmony with the evidence. *Wright v. State*, 603 S.W.2d 838.

The evidence in the instant cause reveals that Ivan Stout arrived at the residence immediately after the burglary. At that time, Felder was armed with a .22 caliber rifle. The victim was later found to have been beaten severely about the head. The stock on the .22 caliber rifle was broken. A hair found on the butt of the rifle was similar to a hair sample taken from the victim. Further, the victim's wallet was found in Felder's pocket. We find that the circumstantial evidence is sufficient to exclude every reasonable hypothesis except that of Felder's guilt in murdering the victim in the course and furtherance of the commission of the burglary.

The issue thus presented is whether the evidence could have reasonably been interpreted by the jury to show appellant's participation in the offense in such a manner so as to render her guilty as a party to Felder's actions. See *Urtado v. State*, 605 S.W.2d 907. In this regard, the court charged the jury as follows with regard to the law of parties:

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."

The charge set out above is based upon the law of parties as provided by V.T.C.A., Penal Code, Sec. 7.02(a)(2). A defendant is guilty as a party to an offense when he is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement. *Barron v. State*, 566 S.W.2d 929. In determining whether one participated as a party in committing an offense, the fact finder may look to events occurring before, during and after the offense and reliance may be placed on actions which show an understanding and common design to do a certain act. *Tarpley v. State*, 565 S.W.2d 525. However, mere presence alone will not be sufficient to show a defendant's guilt as a party to an offense. *Wygal v. State*, 555 S.W.2d 465.

In *Ortiz v. State*, 577 S.W.2d 246, the defendant was convicted as a party to the offense of murder. On appeal, he challenged the sufficiency of the evidence to support his conviction. The evidence revealed that the defendant's companion shot and killed the deceased. At the time of the shooting, the defendant was present and remained approximately 25 feet away from his companion and then drove his companion away from the scene of the offense.

This Court found the evidence insufficient to support the defendant's conviction in that the evidence merely revealed that the defendant was present at the time of the offense. Id. at 248.

 When this Court reviews the sufficiency of the evidence, it will consider the evidence in the light most favorable to the jury's verdict. In the instant cause, appellant was shown to have been present at the scene of the offense. She was shown to have screamed at Stout and provided a false name.

We find the evidence insufficient to support the appellant's conviction. The State did not present direct evidence which proved that appellant was a party to the burglary or subsequent murder of Stout. Cf. *LeDuc v. State*, 593 S.W.2d 678. We conclude that the circumstantial evidence presented by the State did not exclude every reasonable hypothesis except that of appellant acting with the intent to promote or assist in the commission of the burglary and murder, solicited, encouraged, directed, aided, or attempted to aid Felder in the commission of the offense. While appellant's presence and actions toward Stout raises a suspicion, such proof alone is insufficient to support her conviction. See *Ford v. State*, 571 S.W.2d 924; *Wygal v. State*, supra.

Having found that reversal must result in the instant cause due to insufficiency of the evidence, the decisions of the Supreme Court of the United States in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, dictate that no further prosecution be had in this cause.

The judgment of conviction is set aside and is reformed to show an acquittal.