Anibal VASQUEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 14–09–00704–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 5, 2011.

J. Sidney Crowley, Houston, for appellant.

Gail Kikawa McConnell, Richmond, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## SUBSTITUTE MAJORITY OPINION

KEM THOMPSON FROST, Justice.

Appellant Anibal Vasquez appeals his conviction for aggravated robbery, challenging the sufficiency of the evidence supporting his conviction and asserting jury charge error. Finding the trial court reversibly erred in overruling appellant's objection to the application paragraph in the jury charge for the guilt/innocence phase, we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, a construction worker, and two of his roommates, Alexis Martinez and Edwin Maldonado, drove to the Cinco Ranch area of Fort Bend County, where new homes were under construction. There, they encountered the complainant, Jenny Funez–Guevara, who operated a mobile taco business. Martinez and Maldonado exited their vehicle, a maroon Suburban, and flagged down the taco truck. The complainant got out of the taco truck to serve the men while her employee remained inside. Martinez and Maldonado brandished firearms at the complainant and her employee, and ordered the complainant to get into the taco truck. The complainant, Martinez, and Maldonado all entered the truck. Martinez and Maldonado took the woman's cash and jewelry and then forced the complainant to drive away with all of them still inside. Martinez later took over driving because the complainant was too distraught to operate the truck.

After a few minutes, Martinez stopped the taco truck. He and Maldonado exited the truck, telling the complainant to drive away and not to look back. The two men then entered the Suburban; appellant was behind the wheel. The complainant looked through the taco truck's rear-view mirror, saw appellant, and wrote down the license-plate number of the Suburban. She then

left the scene and contacted law-enforcement officers.

Appellant testified at trial that after Martinez and Maldonado got out of the Suburban, he left and drove to a construction site to ask for work. According to appellant, he took the Suburban with him, leaving Martinez and Maldonado behind, and while he was looking for work nearby he saw Martinez with a woman at the taco truck. Appellant stated that when he returned to the taco truck's location, the truck was leaving, and appellant thought that Martinez and Maldonado were inside the truck. Appellant testified that he did not think it strange that Martinez and Maldonado would be inside the truck and that appellant followed the truck for about five minutes until the truck stopped and the men rejoined him in the Suburban. No other witnesses offered testimony about appellant's whereabouts during the time the other two men were in the taco truck.

Police officers later found the three men in the Suburban and pulled it over. Martinez jumped out of the vehicle when it stopped, throwing a gun as he ran. Maldonado and appellant remained in the vehicle and were apprehended without incident. Law-enforcement officers apprehended Martinez after a foot chase. Approximately $500 and another firearm were recovered from the center console of the Suburban. The complainant identified all three men in a field lineup.

Appellant was transported to a police station, where Detective Mark Williams interviewed him in Spanish because appellant speaks little English. Appellant waived his *Miranda* rights [1] and eventually gave a confession, which was recorded. Detective Williams then typed the written confession in English, had a jailer read the confession to appellant in Spanish, and then read it to appellant in Spanish himself. Appellant signed and initialed the written confession.

A jury found appellant guilty of aggravated robbery and assessed punishment at nineteen years' confinement. Appellant raises two issues in this appeal.

## SUFFICIENCY OF THE EVIDENCE

■ In his first issue, appellant asserts the evidence is factually insufficient to support his conviction; he claims the evidence is so weak as to make the conviction manifestly unjust. He argues the evidence is weak because: (1) the complainant never saw appellant in the proximity of the other parties to the crime before or during the armed robbery; (2) after the other parties left the taco truck, their guns were not visible; (3) appellant did not lead officers on a high-speed chase and stopped the Suburban when a police officer activated his emergency lights; and (4) the confession appellant signed is not valid because he did not understand its contents.

### *Standard of Review*

Appellant raises a factual-sufficiency challenge. A majority of the judges of the Court of Criminal Appeals have determined that "the *Jackson v. Virginia* [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex.Crim.App.2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, JJ.); *id.*, 323 S.W.3d at 912–13 (Cochran, J., concurring, joined by

---

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Womack, J.) (same conclusion as plurality).[2] Therefore, in analyzing appellant's challenge to the factual sufficiency of the evidence, we will apply the *Jackson v. Virginia* standard of review.

Under this standard of review, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

### *Appellant's Presence at the End of the Armed Robbery and Lack of Visibility of the Weapons when Martinez and Maldonado Exited the Taco Truck*

■ We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). A person commits the offense of aggravated robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he uses or exhibits a deadly weapon and either intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (West 2003). Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See* Tex. Pen.Code Ann. § 7.02(a)(2) (West 2003). In reviewing the evidence regarding appellant's culpability under the law of parties, this court may look to events occurring before, during, and after the commission of the offense, and may rely upon actions of the defendant which show an understanding and common design to do the prohibited act. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex.Crim.App.1994). Party status may be proved by circumstantial evidence. *Id.*

The complainant testified that she did not see appellant before or during the armed robbery and believed only two men were involved until the robbers entered the Suburban. After the robbery was complete, the complainant saw appellant waiting outside the Suburban and driving the Suburban away from the scene. She testified that Martinez's and Maldonado's weapons were not visible when they left the taco truck. Trooper Glen Welters, the

---

**2.** Nonetheless, this does not alter the constitutional authority of the intermediate courts of appeals to evaluate and rule on questions of fact. *See* Tex. Const. art. V, § 6(a) ("[T]he decision of [courts of appeals] shall be conclusive on all questions of fact brought before them on appeal or error").

law-enforcement officer that searched the Suburban, testified that after arresting Maldonado and appellant, he found $510 and a gun in the center console of the Suburban, next to the driver's seat.

Appellant testified that he followed the taco truck for about five minutes. He drove the robbers away from the scene of the crime. The proceeds of the robbery and one of the weapons used in the robbery were stowed within inches of his person. And appellant later confessed, both on video and in writing, to Detective Williams.

 Mere presence at the scene of the offense does not establish guilt as a party to the offense. *Porter v. State,* 634 S.W.2d 846, 849 (Tex.Crim.App.1982). Presence at the scene, however, is a circumstance tending to prove guilt which, when combined with other facts, may suffice to show that the accused was a participant. *Valdez v. State,* 623 S.W.2d 317, 321 (Tex.Crim.App.1979). The evidence presented was not merely that appellant was present at the scene and gave a ride to his friends. Appellant himself said he followed the complainant's taco truck, and appellant later confessed to the crime. Money and a gun were found in his immediate vicinity shortly after the robbery.

The jury is the sole judge of witness credibility and the weight of the evidence. *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim.App.1999). When the record contains conflicting evidence, this court presumes the trier of fact resolved any such conflict in favor of the prevailing party. *Id.* We conclude that a rational trier of fact could have found beyond a reasonable doubt that Martinez and Maldonado committed aggravated robbery and that appellant, acting with intent to promote or assist the commission of aggravated robbery, solicited, encouraged, directed, aided, or attempted to aid Martinez and Maldonado to commit aggravated robbery.

### Lack of a High–Speed Chase

To support his insufficiency argument appellant points to evidence showing that he did not lead law enforcement officers on a high-speed chase or attempt to flee, and that he stopped when a police officer activated his emergency lights. Nevertheless, failing to flee does not indicate either guilt or innocence in a completed robbery because the appellant could have chosen to stop for any number of reasons. Appellant testified he stopped because he "had not done anything." But the jury is the judge of witness credibility and could have accepted or rejected appellant's testimony. *See id.*

### Appellant's Claim That He Did Not Understand His Confession

 Detective Williams testified that he speaks Spanish proficiently because he learned Spanish before he learned English, but he is not comfortable writing the Spanish language. Appellant and Detective Williams conversed in Spanish at the jail after appellant was apprehended. This interview was videotaped, and the video recording was admitted into evidence. Appellant testified he had no trouble understanding what Detective Williams said.

Detective Williams testified that, after appellant confessed, he prepared a brief statement in English for appellant to sign. After giving the statement to a jail employee for her to translate orally, Detective Williams left the room. He then returned to the room, read the statement to appellant in Spanish, and asked for appellant's signature. Appellant signed the statement.

Appellant now asserts he did not understand his written confession. At trial, he

stated that he did not hear key facts contained in the statement. He further argued that the jail employee did a poor job of translating.

The recording of Detective Williams and appellant discussing the charged offense was admitted into evidence and, at trial, appellant could have requested that the jury hear a translation of the video. Furthermore, appellant never referred to the video either as impeachment or direct evidence of his claim that he did not understand. The jury was left to determine the credibility of the witnesses and the weight of the signed confession. *See id.* Based upon the evidence provided, a reasonable jury could have found appellant understood his confession when he signed it.

For the above reasons, we conclude the evidence is sufficient to support appellant's conviction for aggravated robbery and we overrule appellant's first issue.

### JURY-CHARGE ERROR

■ In his second issue, appellant contends the trial court erred because it did not properly instruct the jury on the law of parties in the application portion of the jury charge. Appellant asserts that the trial court erred because it failed to apply the law of parties to the facts of the case in the application portion of the jury charge.

In the abstract portion of the jury charge, the trial court generally described the law of parties under section 7.02(a)(2) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 7.02(a)(2) (West 2003). In the application portion of the jury charge (paragraph IV) that immediately followed the abstract portion of the charge, the trial court instructed the jury as follows:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt, that on or about November 14th, 2008, in Fort Bend County, Texas, the defendant, Anibel [sic] Vasquez, *acting alone or as a party (as herein defined)*, while in the course of committing theft of property owned by Jenny Funez–Guevara, and with the intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed Jenny Funez–Guevara in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to wit: a firearm, then you will find the defendant "Guilty" of the charge of Aggravated Robbery as alleged in the indictment.

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

(emphasis added). This jury charge is substantially similar to the jury charge in *Johnson v. State,* in which (1) the trial court generally instructed the jury regarding the law of parties in the abstract portion; (2) the trial court instructed the jury in the application portion to find appellant guilty if the jury found beyond a reasonable doubt that appellant committed the offense "either acting alone or with another or others as a party, as that term has heretofore been defined"; and (3) the trial court failed to apply the law of parties to the facts of the case in the application portion. *See* 739 S.W.2d 299, 305 (Tex. Crim.App.1987); *id.* at 309 (Onion, P.J., dissenting). In *Johnson,* the trial court overruled the defendant's objection to the trial court's failure to apply the law of parties to the facts of the case in the jury charge. *See Johnson,* 739 S.W.2d at 300. The *Johnson* court analyzed this issue under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985). *See id.* at 305 (conducting an *Almanza* analysis and citing *Arline v. State,* 721 S.W.2d 348 (Tex.Crim. App.1986)). The *Johnson* court held that

(1) this failure to apply the law of parties to the facts of the case was error in the charge and (2) this error caused Johnson "some harm" under *Almanza* because, even if there were some evidence of Johnson's guilt as a principal, the prosecution theory best supported by the evidence and most fervently advanced by the State during closing argument was Johnson's guilt as a party. *See id.*

In *Chatman v. State*, the Court of Criminal Appeals did not conduct an *Almanza* analysis of alleged charge error; rather, the court determined whether the evidence was legally sufficient to support the conviction using the *Benson/Boozer* rule, which was later overruled by *Malik v. State. See Chatman v. State*, 846 S.W.2d 329, 330–32 (Tex.Crim.App.1993) (determining legal sufficiency of the evidence using rule from *Benson v. State*, 661 S.W.2d 708 (Tex. Crim.App.1982) (opinion on State's second motion for reh'g), *overruled by Malik v. State*, 953 S.W.2d 234, 239 (Tex.Crim.App. 1997) and *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984), *overruled by Malik*, 953 S.W.2d at 239). In doing so, the *Chatman* court stated that an application paragraph substantially similar to the one in the case under review did not constitute fundamental error. *See Chatman*, 846 S.W.2d at 332. The *Chatman* court cited the opinion in *Johnson* with approval. *See id.*

Two years after it issued its opinion in *Chatman*, the Court of Criminal Appeals held in *Campbell v. State*, that the trial court erred by overruling appellant's objection that the trial court failed to apply the law of conspiracy to the facts of the case in the jury charge. *See* 910 S.W.2d 475, 477 (Tex.Crim.App.1995). The *Campbell* court cited *Johnson* with approval and indicated that *Johnson* stood for the proposition that "it is error for a trial judge to refer to the law of parties in the abstract portion of the jury charge and not to apply that law ... in the application paragraph of the jury charge." *See id.* In the application portion of the jury charge in *Campbell*, the trial court applied the law of parties under section 7.02(a)(2) of the Penal Code to the facts of the case. *See id.*

The following year, in *Ransom v. State*, the Court of Criminal Appeals held that any error in the submission of the law of parties in the charge's application paragraph did not cause egregious harm under *Almanza. See* 920 S.W.2d 288, 303 (Tex. Crim.App.1994). In so holding, the *Ransom* court cited the *Chatman* court's conclusion that there was no fundamental error in the charge in *Chatman. See id.* at 302–03. The *Ransom* court cited *Johnson* as good law but distinguished *Johnson* because the defendant in *Johnson* objected to the charge but the defendant in *Ransom* did not object. *See id.* The *Ransom* court indicated that charge error like that in *Johnson* is reversible error if the defendant objects but that such error does not cause egregious harm if there is no objection. *See id.*

In *Marvis v. State*, the trial court instructed the jury on the law of parties in the abstract portion of the charge and then, in the application portion, stated that the jury could convict if it found beyond a reasonable doubt that appellant "either acting alone or together with [another person]" committed the offense. *See* 36 S.W.3d 878, 879 (Tex.Crim.App.2001). The *Marvis* court concluded that this part of the application portion referred the jury back to the discussion of the law of parties in the abstract portion of the charge. *See id.* at 880. In *Marvis*, there was no objection to the application portion of the charge. *See id.* at 879. The *Marvis* court concluded that there was error in the application portion of the charge but that this error did not cause egregious harm under

*Almanza. See id.* at 879–80. Though the *Marvis* court did not cite *Johnson,* the *Marvis* court did not say anything contrary to the analysis in *Johnson. See id.*

In sum, *Johnson* is still good law, and under *Johnson,* a trial court errs if it refers the jury back to the abstract portion of the charge and does not apply the law of parties to the facts of the case in the application portion of the charge.[3] *See Johnson v. State,* 739 S.W.2d 299, 303–05. Therefore, in the case under review, the trial court erred by failing to apply the law of parties to the facts of the case in the application portion of the charge. *See id.; Ruiz v. State,* 766 S.W.2d 324, 326–27 (Tex. App.-Houston [14th Dist.] 1989, no pet.). To determine the appropriate harm analysis for this error, we must decide whether appellant preserved error in the trial court. *See Hutch v. State,* 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996).

### *Preservation of Error*

■ In pertinent part, the following colloquy occurred during the charge conference:

[Counsel for Appellant]: I have an objection and a change I would request in the application paragraph.

. . .

[Counsel for the State]: [Counsel for Appellant]:

[Counsel for the State]: What is your proposal and objection?

[Counsel for Appellant]: I believe— Paragraph Four, I believe the correct application is, first of all, they just have as defined. I believe the proper one is either the defendant while in the course of committing theft of

property, and then or that Alexis Martinez did intentionally and knowingly while in the course of committing theft of property, and that the defendant participating with the intent to promote, assist, acting—whatever that language is in there—did aid, assist, etcetera.

[Counsel for the State]: That language is indirectly in there because it says as a party, and that is in Paragraph Three where it talks about all the definitions about how someone acts as a party.

[Counsel for Appellant]: I've always seen them where the defendant intentionally and knowingly and the defendant did act—

[Counsel for the State]: The way you're doing it is more likely to narrow it down and potentially be more incorrect.

[Trial court]: Objection overruled. Your suggestion is denied. Do you have your suggested change in written form?

[Counsel for Appellant]: No. 702, we would ask that.

[Trial court]: Have you written it out?

[Counsel for Appellant]: No, I didn't write it out.

At the time appellant objected, the abstract portion of the charge already contained a general description of the law of parties under Texas Penal Code section 7.02(a)(2). The law of parties arises often in criminal prosecutions and is not an esoteric or unknown proposition in criminal law circles. *See Clarke v. State,* 270 S.W.3d 573, 579 (Tex.Crim.App.2008). In

---

**3.** The *Johnson* court noted that a guide to Texas criminal jury charges recommended the type of charge submitted by the trial court in *Johnson;* nonetheless, the *Johnson* court found the charge to be erroneous. *See John-* *son,* 739 S.W.2d at 305 & n. 4 (disapproving of form of application paragraph recommended in McClung, Jury Charges for Texas Criminal Practice 12 (1987 ed.)).

making his objection, appellant's counsel identified the application portion of the charge. Appellant's counsel noted that the application paragraph referred to the general statement of the law of parties in the abstract portion of the jury charge. Appellant's counsel referred to Texas Penal Code section 7.02 and requested that the trial court apply the language of section 7.02(a)(2) in the application portion. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (stating that a person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense"). Appellant sufficiently communicated to the trial court an objection that the law requires the trial court to apply the law of parties to the facts of the case in the application portion of the charge and that the trial court had not done so. Though appellant's objection could have been more specific, appellant's objection was made "with sufficient specificity to make the trial court aware of the complaint," and appellant's specific grounds "were apparent from the context." *See* TEX.R.APP. P. 33.1(a); *Clarke*, 270 S.W.3d at 579.

The State asserted that the mere reference to the abstract portion was sufficient, suggesting that the trial court did not need to apply the law of parties to the facts of

the case in the application portion. The trial court overruled appellant's objection and declined to act on his suggestion that the trial court apply the law of parties to the facts of the case in the application portion.[4] Under applicable precedent, appellant preserved error. *See Johnson*, 739 S.W.2d at 300, 303–05 (holding that appellant preserved error regarding complaint that trial court failed to apply law of parties to facts of case in application paragraph, in case in which appellant objected that the jury charge failed " 'to allege the specific acts that the State is relying on to make him a party. It does not say depending on solicitation, encouragement, direction, aid or attempt to aid one Mr. Clifford in the commission of this offense' "); *Black v. State*, 723 S.W.2d 674, 674–75 (Tex.Crim.App.1986) (holding that appellant preserved error regarding complaint that trial court failed to apply law of parties to facts of case in application paragraph, in case in which appellant objected that the jury charge "fails to apply the law to the specific facts as the definitions pertain to … the law of parties"); *Ruiz*, 766 S.W.2d at 326–27 (holding that appellant preserved error regarding complaint that trial court failed to apply law of parties to facts of case in application paragraph, in case in which appellant asserted "that the trial court's failure to apply the law of parties to the facts would be reversible error").[5]

---

**4.** Such an objection to the jury charge is sufficient to preserve alleged error for review; there is no requirement that appellant also submit a requested instruction. *See* TEX.CODE CRIM. PROC. ANN. arts. 36.14, 36.15 (West 2010).

**5.** In concluding that appellant failed to preserve error, our dissenting colleague relies on this court's opinion in *Villareal v. State. See* 116 S.W.3d 74 (Tex.App.-Houston [14th Dist.] 2001, no pet.). But, in that case, after a colloquy in which the trial court indicated it did not understand what appellant was re-

questing regarding the application paragraph in the jury charge, the trial court asked appellant's counsel to specify what he was requesting. *See id.* at 82–83. In response, appellant's counsel stated that "[w]e're going to object to the—to the name of Officer Fernando Salvadar being part of the charge as far as parties is concerned … [because he was] [n]ot charged or indicted." *Id.* at 83. When asked to tell the court what his objection was to the application paragraph, the *Villareal* appellant stated only that he was objecting to the charge's reference to Officer Salvadar.

## Analysis

■ Because appellant objected to the charge error in question, the "some harm" analysis applies. *See Hutch,* 922 S.W.2d at 170–71; *Johnson,* 739 S.W.2d at 303–05; *Ruiz,* 766 S.W.2d at 326–27. There was evidence at trial that appellant was guilty of aggravated robbery under the law of parties. As the State concedes in its appellate brief, there was no evidence at trial that appellant was guilty of this offense as a principal, and the State's theory, as argued in closing, was that appellant was guilty as a party because he was the driver of the getaway vehicle.[6] Under these circumstances, the trial court reversibly erred by overruling appellant's objection to the trial court's failure to apply the law of parties to the facts of the case in the application portion of the charge.[7] *See Johnson,* 739 S.W.2d at 303–05; *Ruiz,* 766 S.W.2d at 326–27.[8] Appellant's second issue is sustained.

Accordingly, the trial court's judgment is reversed and this case is remanded for a new trial.

ANDERSON, J., dissenting.

JOHN S. ANDERSON, Justice, substitute dissenting.

A jury found appellant, Anibal Vasquez, guilty of aggravated robbery and assessed nineteen years' confinement in the Texas Department of Criminal Justice, Institutional Division as punishment. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2010). Appellant challenged the factual sufficiency of his conviction and the propriety of the jury charge regarding the law of parties. The majority affirmed the sufficiency of the conviction, but reversed on the basis of the jury charge. I agree with the majority position on the sufficiency challenge, but dissent today because I believe that the appellant did not properly object to the jury charge, thus waiving the issue on appeal.

### I. Did the Trial Court Commit Error in Creation of the Jury Charge?

Appellant contends the trial court erred because it did not properly instruct the jury on the law of parties in the factual application paragraph of the jury charge.

#### A. Standard of Review

---

*See id.* Unlike the situation presented in the case under review, this is not an objection to the trial court's failure to apply the law of parties to the facts of the case in the application paragraph of the charge. Therefore, the *Villareal* case is not on point. The dissent's conclusion that appellant failed to preserve error is incorrect.

6. Even if there had been some evidence of appellant's guilt as a principal, it still would be clear that appellant's guilt as a party was the prosecution theory best supported by the evidence and the theory most fervently advanced by the State during closing argument. This would be sufficient to place this case within the scope of the line of cases cited herein. *See Johnson,* 739 S.W.2d at 303–05; *Ruiz,* 766 S.W.2d at 326–27.

7. If appellant had not objected to this error, then this error would not have been reversible because it would not have resulted in egre-

gious harm to appellant through the denial of "a fair and impartial trial." *See Marvis,* 36 S.W.3d at 879–80; *Ransom,* 920 S.W.2d at 302–03. But, appellant objected to this error, and courts have held that, under the circumstances presented in the case under review, this error is reversible under the "some harm" analysis. *See Johnson,* 739 S.W.2d at 303–05; *Ruiz,* 766 S.W.2d at 326–27.

8. In *Nelson v. State,* the Seventh Court of Appeals held that similar charge error was harmless. *See* 297 S.W.3d 424, 433–34 (Tex. App.-Amarillo 2009, pet. ref'd). The *Nelson* court did not cite or distinguish *Johnson. See id.* This part of *Nelson* conflicts with *Johnson,* and this court must follow *Johnson.* Compare *Johnson,* 739 S.W.2d at 303–05, *with Nelson,* 297 S.W.3d at 433–34.

Jury charge error is reviewed under a two step process. *See Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). First this court must decide if there is error in the charge. *Id.* If there is error, we must then decide if there is sufficient harm to the defendant to justify a reversal of the conviction. *Id.*

Error in jury instructions occurs if the trial judge fails to create a "written charge distinctly setting forth the law applicable to the case." Tex.Code Crim. P. art. 36.05 (West 2010). In cases when an instruction on the law of parties is warranted, the trial judge must instruct the jury on the law of parties in the abstract portion of the charge. *Campbell v. State,* 910 S.W.2d 475, 477 (Tex.Crim.App.1995). In addition, the trial judge must also apply the law of parties in the application paragraph. *Id.* In the absence of a defendant's objection, instructions are sufficient if they instruct the jury on the law of parties in the abstract paragraph and then incorporate those instructions by reference in the application paragraph by stating the jury can convict if the defendant acted "alone or as a party." [1] *Id.* "If a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge." *Chatman v. State,* 846 S.W.2d 329, 332 (Tex.Crim.App.1993).

**B. Did the Jury Charge Contain Errors?**

Appellant's only claim is that the trial judge erred because the charge did not apply the law of parties directly to the facts in the application portion of the jury charge. (AB 20) Consequently, we must now consider the jury charge. The abstract paragraph described the law of par-

ties. (CR 20) The application paragraph followed immediately after the abstract paragraph. It reads:

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt, that on or about November 14th, 2008, in Fort Bend County, Texas, the defendant, Anibal Vasquez, *acting alone or as a party (as herein defined),* while in the course of committing theft of property owned by Jenny Funez–Guevara, and with the intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed Jenny Funez–Guevara in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to wit: a firearm, then you will find the defendant "Guilty" of the charge of Aggravated Robbery as alleged in the indictment. (CR 20) (emphasis added)

This language falls within the definition of the "alone or as a party" language approved by the Texas Court of Criminal Appeals. *Marvis v. State,* 36 S.W.3d 878, 880 (Tex.Crim.App.2001); *Campbell,* 910 S.W.2d at 477. Thus, the jury charge is sufficient unless there is an adequate objection to it. If there is an adequate objection, we must then consider whether the error created "some harm" to the defendant. *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1985).

**C. Did Appellant Properly Object to the Jury Charge?**

An objection to a jury charge must either be in writing or on the court's record. Tex.Code Crim. P. art. 36.14 (West 2010). The objection should distinctly specify each ground of objection. *Id.*

---

1. "A perfect charge is not necessary ... as long as the charge adequately applies the law of parties to the facts." *Ramirez v. State,* No. 14–02–00321–CR, 2003 WL 548600, at *2

(Tex.App.-Houston [14th Dist.] Feb. 27, 2003, no pet.) (mem. op. not designated for publication).

Appellant did not submit a written objection or proposed instruction to be included in the jury charge. (RR4, 70) Thus, we must decide if the oral objection on the record is sufficient. Appellant's counsel stated,

> I believe—Paragraph Four, I believe the correct application is, first of all, they just have as defined. I believe the proper one is either the defendant while in the course of committing theft of property, and then or that Alexis Martinez did intentionally and knowingly while in the course of committing theft of property, and that the defendant participating with the intent to promote, assist, acting—whatever that language is in there—did aid, assist, etcetera ... I've always seen them where the defendant intentionally and knowingly and the defendant did act—(RR4, 70)

The trial court overruled this objection without stating a reason and requested a written submission, which the appellant did not present. (RR4, 71) The majority contends appellant's oral statement is sufficient to create an objection requiring an instruction applying the law of parties in the application paragraph. The majority states that appellant "noted that the application paragraph referred to the general statement of the law of parties in the abstract portion of the jury charge" and requested a law of parties instruction in the application paragraph. The majority claims to understand the appellant's request, but I cannot see how without making many assumptions. There is no refer-

ence to the law of parties, nor is there a clear statement of what the appellant requested. Appellant is required to provide a "clear objection or request," and failed to do so. Tex.Code Crim. P. art. 36.14 (West 2010). For that reason, I conclude that appellant did not make a request for a jury instruction on the law of parties in the application paragraph.[2]

The majority relies on three cases in making their argument. I think this reliance is in error. In two of these cases, the trial court did not give any instruction on the law of parties at all, and for that reason the jury instructions were overturned. *Johnson v. State*, 739 S.W.2d 299, 300 (Tex.Crim.App.1987); *Ruiz v. State*, 766 S.W.2d 324, 326 (Tex.App.-Houston [14th Dist.] 1989, no pet.). In the third case, the defendant made a far more explicit objection regarding the law of parties and application to the facts, which was overruled by the trial court.[3] *Black v. State*, 723 S.W.2d 674, 674–75 (Tex.Crim. App.1986). These cases are qualitatively different from the instant case—two received no jury charge on the law of parties, which is not the case here, and the third specifically requested an application of law of parties to the specific facts of the case.

Even more importantly, this court is bound by its own precedent. This court addressed a similar situation in *Villareal v. State*, 116 S.W.3d 74 (Tex.App.-Houston [14th Dist.] 2001, no pet.). In that case, Villareal argued that the trial court had failed to apply the law of parties to the facts in the jury instructions, stating "I'm

---

2. I note the majority's discussion of the evolution of the rules regarding law of parties. I believe appellant failed to make a request for a more specific instruction on the law of parties. Consequently, I express no opinion on the majority's interpretation of case law.

3. The defendant in that case specifically stated "The defendant objects in that the Court's

charge fails to apply the law to the specific facts as the definitions pertaining to 'knowing possession,' the definition of 'possession' itself, as to the circumstantial evidence definition, as to the law of parties, and as to the 'mere presence' law." *Black*, 723 S.W.2d at 674–75.

asking that the application paragraph, as far as my client is concerned, be more specific to the facts that have been alleged-or evidence that has been presented as it relates to the indictment."[4] *Id.* at 82. Villareal's objection was not precise, but did manage to state that Villareal wanted the charge to "be more specific to the facts that have been alleged." *Id.* at 82. This court found there was not a clear objection or request, and thus the issue was not preserved at trial. *Id.;* Tex.R.App. P. 33.1(a). Despite the majority's attempts to distinguish this case, it remains on point to appellant's issue; we are bound by our precedent to follow *Villareal.*

I believe *Villareal's* articulation was more clear and distinctly specified than appellant's statement. In *Villareal,* there was an indication the appellant was requesting a law of parties instruction. *Villareal,* 116 S.W.3d at 83. In this case, the appellant never mentioned the law of parties, nor did he articulate any clear statement of what changes he requested. Tex. Code Crim. P. art. 36.14. I further note that the majority's decision is at odds with our legislative mandate. The legislature has informed us that it is the parties' burden to state grounds to the trial court "with sufficient specificity to make the trial court aware of the complaint" or waive the issue on appeal. Tex.R.App. P. 33.1(a)(1)(A). It appears from this decision that as long as some objection to a jury charge is made, regardless of how unclear or imprecisely made to the trial court, we intend to entertain the issue on the merits. *See id.*

Therefore, I would rule that the error is not preserved and thus the issue is waived on appeal. Tex.R.App. P. 33.1(a), *Campbell,* 910 S.W.2d at 477.

---

4. Villareal's counsel stated, "On the charge on the parties, we would ask that it be more specifically affixed to the facts; and we would object to it as it is stated in the—... What I'm saying, Your Honor, is simply that the charge that I got today is the first time that the charge had law of parties on it ... I'm merely objecting to the Court's charge as it is stated. And I'm asking that the application para-graph, as far as my client is concerned, be more specific to the facts that have been al-leged-or evidence that has been presented as it relates to the indictment ... We're going to object to the-to the name of Officer Fernando Salvadar being part of the charge as far as parties is concerned ... [because he was] [n]ot charged or indicted." *Villareal* at 82–83.