Opinion issued June 23,
2011



In The

Court of Appeals

For The

First District of Texas

————————————

No. 01-10-00381-CR

————————————

Jose
Alberto garcia, Appellant

V.

The State of Texas,
Appellee



 



 

On Appeal from the 174th District
Court

Harris
County, Texas



Trial Court Cause No. 1246876

 



 

 

MEMORANDUM OPINION

          Appellant,
Jose Alberto Garcia, was convicted by a jury of the felony offense of robbery.[1]  The trial court assessed his punishment at 12
years in prison.  In two issues, appellant
contends that the evidence is legally insufficient to establish his guilt and
that the trial court erred by excluding community supervision from the
punishment range.  We conclude that the
evidence is sufficient and that the trial court properly assessed appellant’s punishment.  We affirm. 

Background

          One evening in December, the
complainant took his puppy for a walk.  While
waiting at an intersection, he saw two young Hispanic men walking towards him
from across the street.  One of the men
was slender, and the other was slightly heavier-set; they both wore dark, hooded
sweatshirts with the hoods raised around their heads.  After they had crossed the street, the
complainant made eye contact with the slender man, who was now about two feet
away.  The complainant asked them, “How
are y’all doing this evening?”  One of
the men said something that the complainant did not understand.  The men moved in close to the complainant and
walked past him.

          Just as he looked back to see what his
puppy was doing, the complainant was shoved from behind and fell face down into
the grass.  One of the men demanded,
“Give me your money, or we’re going to kill you.”  The complainant responded, “I don’t have any
money.”  He felt a hand reach into his
back pocket, searching for his billfold, which he had left at home.  Instead, one of the men took his cell phone.  

          One of the men then kicked the complainant
in the back, and the complainant began to fight back.  He rolled over and kicked the man standing near
his feet.  The complainant stood up and swung
his fist at one of the men.  The other
man hit the complainant’s head, knocking him onto his knees.  For a moment, he was dizzy, and he felt blood
run into his eye.  The complainant stood
up again and then saw both men running away.

          The complainant found his puppy, returned
home, and called the police.  He gave a
physical description of the two men.  When
the police arrived, he repeated his descriptions, and paramedics transported
him to the hospital.

          One week later, the police called the
complainant and asked him to come to the police station.  Once there, he was presented with a photo
array, and he identified appellant as the slender man he had made eye contact
with before he was robbed.  Appellant was
later charged with robbery.

          Prior to trial, appellant initially
elected to have the jury assess his punishment in the event of his
conviction.  However, immediately prior
to the guilt–innocence phase of trial, appellant elected instead to
have the trial court assess his punishment. 
Appellant’s counsel stated that because of appellant’s prior felony
convictions, only the trial court could give appellant probation.  The court responded that it was unsure
whether appellant would be eligible for probation following a jury
conviction.  Appellant’s counsel contended
that because the present case did not involve an aggravated offense, the court
could still “theoretically” give probation. 
The court stated, “I’ll listen to it. 
There are no guarantees.”  

          During the guilt–innocence phase of trial, the
complainant testified that he saw appellant along with another man immediately
before he was robbed.  The complainant
admitted that he did not know which man took his phone, kicked him in the back,
or hit him on the head.  Additionally, an
eyewitness testified that he drove by during the robbery.  He saw the complainant and two Hispanic men
clustered near the corner of the intersection. 
About a foot away from the complainant, the skinnier man stood, bent
over.  The larger man had his arms around
the complainant.  The eyewitness
testified that, based on his personal experience observing fights, he had no
doubt that the complainant was engaged in a fight with both men.

          At the beginning of the punishment
phase of trial, appellant stipulated to the following evidence:  In 2002, he was convicted of possessing
marijuana, and he received 20 days in county jail.  The same year, he was also placed on two-year
deferred adjudication for delivering cocaine and evading arrest.  The next year, those offenses were
adjudicated, and he received nine months in state jail.  Appellant also was convicted of driving while
intoxicated, and he received 30 days in county jail.  In 2007, he was convicted of theft, and he
received one year in county jail.  During
closing arguments, appellant’s trial counsel contended that, despite
appellant’s lack of success with deferred adjudication, appellant’s testimony
concerning a change in attitude indicated that he would be a good candidate for
probation.  In response, the State argued
that probation was inappropriate because appellant continued to deny that he
committed the robbery and because appellant had failed to complete deferred
adjudicated in the past.

Sufficiency of the Evidence

          In his first issue, appellant contends
that the evidence is legally insufficient to sustain his conviction.

          A.      Standard
of Review

An
appellate court reviews
legal and factual sufficiency challenges using the same standard of
review.  Griego v. State, No. PD-1226-10, 2011 WL 1662378, at *1 (Tex. Crim.
App. May 4, 2011); Ervin v. State,
331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d)
(construing majority holding of Brooks v.
State, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)).  Under
this standard, evidence is insufficient to support a conviction if, considering
all record evidence in the light most favorable to the verdict, a factfinder
could not have rationally found that each essential element of the charged
offense was proven beyond a reasonable doubt. 
See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Brooks, 323 S.W.3d at 899 (plurality
op.); Laster v. State, 275 S.W.3d 512,
517 (Tex. Crim. App. 2009).  Evidence is insufficient under this standard
in four circumstances:  (1) the record
contains no evidence probative of an element of the offense; (2) the record
contains a mere “modicum” of evidence probative of an element of the offense;
(3) the evidence conclusively establishes a reasonable doubt; or (4) the acts
alleged do not constitute the criminal offense charged.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 &
n.11; Laster, 275 S.W.3d at
518; Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007).  If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See
Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

An appellate court determines whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
viewed in the light most favorable to the verdict.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)).  An appellate court defers to the factfinder’s
evaluation of the credibility of the evidence and the weight to give the
evidence.  Williams, 235 S.W.3d at
750.  In viewing the record, a
court treats direct and circumstantial evidence equally: 
circumstantial evidence can be as probative as direct evidence, and
circumstantial evidence alone can be sufficient to establish guilt.  Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

B.      Analysis

Appellant does not dispute that the
complainant was robbed[2] or
that he was standing a foot away while it happened.  Rather, appellant contends that, on the evidence presented, it
is plausible to conclude that he was present at the scene but did not participate
in the robbery.  

Mere presence at the scene of the offense does not
establish the defendant’s  guilt as a
party to the offense.  Porter v. State, 634 S.W.2d 846, 849
(Tex. Crim. App. 1982).  However, presence
at the scene is a circumstance tending to prove guilt that, when combined with
other facts, may suffice to show that the accused was a participant.  Valdez
v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979).  Likewise, “while flight alone will not
support a guilty verdict, evidence of flight from the scene of a crime is a
circumstance from which an inference of guilt may be drawn.”  Id.

All the evidence presented indicates that both men
participated in the robbery.  The
complainant testified that appellant and another man approached together, both
wearing similar dark hooded sweatshirts. 
He also testified that after being shoved to the ground, one of men
threatened, “Give me your money, or we’re
going to kill you.”  (Emphasis
added.)  This threat and the pair’s
approaching together indicate that both men were acting together in committing
the robbery.  Consistent with the threat,
the eyewitness testified that he saw both men fighting with the
complainant.  Finally, the complainant
testified that after his phone was taken, he saw both men flee the scene
together.  See id.

Based on the combined
and cumulative force of this evidence viewed in the light most favorable to the
verdict, we hold that the jury could have rationally concluded that appellant committed
the robbery.  See Clayton, 235 S.W.3d at 778, Hooper, 214 S.W.3d at 16–17.  

          We overrule appellant’s first issue.

Exclusion of Community Supervision from Punishment Range

          In his second issue, appellant
contends that the trial court erred by excluding community supervision from the
range of his punishment.  Appellant
asserts that the trial court misapprehended the punishment range and that, therefore,
non-constitutional error occurred.  See Mendez v. State, 212 S.W.3d 382, 388–90 (Tex. App.—Austin 2006,
pet. ref’d).

          A.      Applicable
Law

          Robbery, being a second-degree felony,
is punishable by imprisonment for a term of 2 to 20 years and a fine of up to
$10,000.  Tex. Penal Code Ann. § 12.33, 29.02(b)
(West Supp. 2010).  A jury may recommend
community supervision only if the defendant has no prior felony
conviction.  Tex. Code Crim. Proc. art. 42.12 § 4(e) (West Supp.
2010).  However, “[a] judge, in the best interest
of justice, the public, and the defendant, after conviction . . . ,
may suspend the imposition of the sentence and place the defendant on community
supervision . . . .”  Id. art. 42.12 § 3(a). 

          Due
process requires trial judges to be neutral and detached in assessing
punishment.  See Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  A trial court denies a defendant due process if
it arbitrarily refuses to consider the entire range of punishment.  See id.;
McClenan v. State, 661 S.W.2d 108,
110 (Tex. Crim. App. 1983); Jaenicke v.
State, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
 Absent a clear showing to the contrary,
we presume that the trial court was neutral and detached in assessing an
appellant’s punishment and that the trial court considered the full range of
punishment.  See Brumit, 206 S.W.3d at 645; Jaenicke,
109 S.W.3d at 796.

          B.      Analysis

          The
record does not support appellant’s contention that the trial court
misapprehended the applicable range of punishment.  Although the trial court was initially unsure
whether probation was available following a jury conviction, appellant’s trial
counsel stated that probation was available under the circumstances of the present
case because it did not involve an aggravated offense.  See Tex. Code Crim. Proc. art. 42.12
§ 3g(a).  The trial court then
responded, “I’ll listen to it.  There are no
guarantees.”  During closing arguments, appellant’s
trial counsel argued that appellant’s change in attitude demonstrated that
appellant was a good candidate for probation. 
Rather than contend that appellant was ineligible for probation, the
State responded by arguing that probation was inappropriate in the present case
because appellant had not taken responsibility for committing the robbery and
because appellant had failed to complete deferred adjudication in the past.  Nothing in the record indicates that the
trial court failed to consider both the law and the relevant facts
neutrally.  Appellant’s punishment was
within the applicable range.

          We
conclude that the trial court considered the entire range of punishment,
including probation. 

          We
overrule appellant’s second issue.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   

 

                                                                   Leslie
B. Yates

                                                                   Justice

 

Panel consists of
Justices Keyes, Higley, and Yates.[3]

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See Tex. Penal Code Ann.
§ 29.02(a)(1) (West 2003)





[2]           A
person commits robbery if, in the course of committing theft and with intent to
obtain or maintain control of the property, he intentionally, knowingly, or
recklessly causes bodily injury to another; or intentionally or knowingly
threatens another with, or places another in fear of, imminent bodily injury or
death.  Tex.
Penal Code Ann. § 29.02(a).





[3]           The
Honorable Leslie Brock Yates, former Justice of the Fourteenth Court of
Appeals, participating by assignment.